1  KAREN P. HEWITT
   United States Attorney
2  BRUCE C. SMITH
   Assistant U.S. Attorney
3  California State Bar No. 078225
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619)557-6963
   E-mail: bruce.smith@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,           )   Case No. 08cv0394-WQH(CAB)
                                        )
11              Plaintiff,              )   MEMORANDUM OF POINTS AND
                                        )   AUTHORITIES IN SUPPORT OF
12       v.                             )   MOTION FOR JUDGMENT BY DEFAULT
                                        )   AS TO THE INTEREST OF ALL
13  SIGNED PERSONAL CHECK NO.730        )   POTENTIAL CLAIMANTS
    OF YUBRAN S MESLE, DRAWN            )
14  FROM BANK OF AMERICA ACCOUNT        )
    NO. 09672 67676 IN THE              )
15  AMOUNT OF $240,000.00 IN            )
    U.S. CURRENCY,                      )
16                                      )
    SIGNED PERSONAL CHECK NO.1004       )   DATE:  September 2, 2008
17  OF YUBRAN S MESLE, DRAWN            )   TIME:   11:00 a.m.
    FROM WELLS FARGO BANK ACCOUNT       )   CTRM:  4
18  NO. 3572585739 IN THE AMOUNT        )
    OF $5,000.00 IN U.S. CURRENCY,      )
19                                      )
    SIGNED PERSONAL CHECK NO.1040       )
20  OF YUBRAN S MESLE, DRAWN            )
    FROM BANK OF AMERICA ACCOUNT        )
21  NO. 24547 67190, NO AMOUNT          )
    STATED,                             )
22                                      )
    $197,031.14 IN U.S. CURRENCY        )
23  SEIZED FROM BANK OF AMERICA         )
    ACCOUNT NO. 09672 67676 ON          )
24  FEBRUARY 22,2008,                   )
                                        )
25  $1,598.21 IN U.S. CURRENCY          )
    SEIZED FROM WELLS FARGO BANK        )
26  ACCOUNT NO. 3572585739 ON           )
    FEBRUARY 22,2008, ,                 )
27                                      )
                Defendants.             )
28  _____)

                                        EXHIBIT  1

I

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

A.     <u>Introduction</u>

This matter comes before the Court on Plaintiff's motion for default judgment. The verified complaint commencing this action against the Defendants was filed March 3, 2008, alleging forfeiture pursuant to Title 31, United States Code, Section 5317(c)(2) (forfeiture of undeclared monetary instruments or funds traceable to the undeclared importation of monetary instruments). The complaint was verified by Senior Special Agent Lisa Tracy, Immigration and Customs Enforcement. The present motion for default judgment seeks the forfeiture of the interest of all potential claimants.

B.     <u>Statement of the Case</u>

1.     On March 3, 2008, a Complaint for Forfeiture was filed in the above action in the United States District Court for the Southern District of California against the above defendants. On March 11, 2008, the defendants were seized and arrested by a duly authorized agent of the United States Customs and Border Protection, who thereafter took possession and custody of the defendants, pursuant to the Court's Order appointing United States Customs and Border Protection as custodian, dated March 6, 2008.

2.     On March 6, 2008, Notice of Judicial Forfeiture Proceedings  and a copy of the Complaint for Forfeiture were sent by certified mail to the following potential claimants at their addresses of record:

| Name and Address | Article No. | Result |
|---|---|---|
| Ata Z. Dighlawi<br>39702 Fairview Court<br>Murrieta, CA 92563-6540 | 7004 2510 0003 3014 6394 | Delivered on 3/8/08 per<br>USPS track & confirm |
| Ata Mohamed<br>39702 Fairview Court<br>Murrieta, CA 92563-6540 | 7004 2510 0003 3014 6387 | Delivered on 3/17/08 per<br>USPS track & confirm |
| Dighlawi Mahbuba<br>39702 Fairview Court<br>Murrieta, CA 92563-6540 | 7004 2510 0003 3014 6370 | Delivered on 3/8/08 per<br>USPS track & confirm |

//

| Name and Address | Article No. | Result |
|---|---|---|
| Jubran Mesle<br>11587 Trailway Drive<br>Riverside CA 92505 | 7004 2510 0003 3014 6363 | Delivered on 3/8/08 per<br>USPS track & confirm |
| Yubran S. Mesle<br>11587 Trailway Drive<br>Riverside CA 92505 | 7004 2510 0003 3014 6356 | Delivered on 3/8/08 per<br>USPS track & confirm |
| Jubran Dighlawi<br>11587 Trailway Drive<br>Riverside CA 92505 | 7004 2510 0003 3014 6417 | Delivered on 3/8/08 per<br>USPS track & confirm |
| Jubran Dighlawi<br>13646 Lowell Street<br>Corona, CA 92880 | 7004 2510 0003 3014 6400 | Delivered on 3/24/08 per<br>USPS track & confirm |

3. On April 4, 16 and 23, 2008, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Claims and Asset Forfeiture Actions, notice was published in the San Diego Commerce newspaper.

4. From the time of said notice, no claim or answer has been filed regarding the above-named defendant property by anyone.

5. On June 9, 2008, a Declaration of and Request for Clerk's Entry of Default was filed in this case. A Clerk's Entry of Default was issued on June 10, 2008, and a copy is attached to the Motion as Exhibit 2.

C.  Statement of Facts

1. On November 8, 2007, Ata Z. Dighlawi (hereinafter referred to as "Dighlawi") entered the United States from Mexico at the Port of Entry, San Ysidro, California driving a 2007 GMC Silverado pick-up truck, bearing California license plates. He was accompanied by a single passenger, Ahmad Ayesh (hereinafter referred to as "Ayesh"). Dighlawi and Ayesh were greeted at the primary vehicle inspection booth by Customs and Border Protection ("CBP") Officer Cayas. Dighlawi presented his California driver's license. Both men declared themselves United States citizens. When asked, Dighlawi declared he was bringing nothing from Mexico. Officer Cayas repeated his inquiry. Dighlawi again insisted he was bringing nothing into this country from Mexico. Meanwhile, Officer Cayas queried Dighlawi's name in a CBP computer database. The officer received a positive response from the computer system, indicating Dighlawi had a criminal

3

1  history involving fraud.  The two travelers were referred to the vehicle secondary lot for a more
2  thorough inspection.

3      2.     Upon the arrival of Diglawi and Ayesh in the secondary lot, responsibility for their
4  inspection was assumed by CBP Officer Richardson.  The officer entered the GMC Silverado truck
5  and opened the center console located between the driver and front passenger seat.  He discovered
6  a grey plastic bag containing approximately 29 credit cards.  A quick examination of the credit
7  cards revealed they were issued by an assortment of credit card companies.  The cards bore a
8  variety of account numbers, and were issued in the names of persons other than the occupants of
9  the vehicle.

10      3.     Also  discovered  in  the  center  console  were  the  three  defendant  monetary
11  instruments.  All three defendant monetary instruments were personal checks in the name of
12  "Yubran S. Mesle."  Each was drawn on a different bank account.  The first defendant monetary
13  instrument is check number 730, drawn on Bank of America account 09672 67676.  The check is
14  dated November 28, 2007.  The payee line is blank.  The check is made payable in the amount of
15  two hundred forty thousand dollars ($240,000.00)in U.S. currency.  The payor's signature appears
16  on the line at the bottom right of the instrument.  The second defendant monetary instrument is
17  check number 1004, drawn on Wells Fargo Bank account 3572585739.  The check is dated
18  November 10, 2007.  The payee line is blank.  The check is made payable in the amount of five
19  thousand dollars ($5,000.00)in U.S. currency.  The payor's signature appears on the line at the
20  bottom right of the instrument.  The third defendant monetary instrument is check number 1040,
21  drawn on Bank of America account 24547 67190.  The check is undated.  The payee line is blank.
22  The portion of the check specifying the amount to be paid is blank.  The payor's signature appears
23  on the line at the bottom right of the instrument.

24      4.     Dighlawi was advised of his Fifth Amendment rights pursuant to Miranda v.
25  Arizona by an Immigration and Customs Enforcement (hereinafter referred to as "ICE") agent.
26  He acknowledged his rights, waived them, and agreed to discuss with the agent the circumstances
27  surrounding his possession of the three monetary instruments.  Dighlawi explained that on an
28  unspecified date he loaned money to Yubran S. Mesle (hereinafter referred to as "Mesle"), the

payor on all three defendant monetary instruments. Mesle presented the defendant check number 730, payable in the amount of $240,000.00 in United States currency, to Dighlawi with instructions to cash it at the end of the month. Mesle also delivered the defendant monetary instrument, check number 1004, payable in the amount of $5,000.00 in United States currency to Dighlawi with instructions to cash it on Saturday November 10, 2007 or Monday November 12, 2007.

5. Dighlawi was advised that his knowing and intentional failure to file a report revealing his possession of the three monetary instruments of more than $10,000.00 upon entering the United States from Mexico constituted a violation of Title 31, United States Code, Sections 5316(a)(1)(B) and 5324(c)(1), failure to file reports on importing monetary instruments. The three defendant monetary instruments were seized at the port of entry. Dighlawi and Ayesh were permitted to continue on their journey.

D.    Deadlines for Filing a Claim and Answer

1. This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Pursuant to Rule G(5), a verified claim must be filed with the Clerk of the United States District Court, Southern District of California, with a copy to the government attorney, within thirty-five (35) days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time as the court may allow. An answer must be filed and served within twenty (20) days thereafter, pursuant to Title 18, United States Code, Section 983(a)(4)(B).

2. Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

3. The plaintiff served notice of forfeiture on all known potential claimants on March 6, 2008. From the time of said notice, no claim or answer has been filed by any potential claimants regarding the above-named defendants. (See Declaration of Bruce C. Smith, attached to the Motion as Exhibit 3.)

//

E.  The Government Establishes Its Case by a Preponderance
of the Evidence

1.  Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c) states in pertinent part:

In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property -

(1)  the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;

(2)  the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture; and

(3)  if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

2.  The government's evidence is undisputed by any claimant. Thus, the government has shown by a preponderance of the evidence that the defendants were properties involved in or traceable to the undeclared importation of monetary instruments greater than $10,000.00, in violation of Title 31, United States Code, Sections 5316(a)(1)(A) and (B) and 5324(c)(1). Pursuant to the allegations in the verified complaint, the government has both proven its case by a preponderance of the evidence and established the requisite nexus between the defendants and the offense.

//

//

//

II

<u>CONCLUSION</u>

For the foregoing reasons, it is requested that the interest of any and all potential claimants in the defendants be ordered condemned and forfeited to the United States according to the request herein.

DATED:  July 18, 2008

                                        KAREN P. HEWITT
                                        United States Attorney

                                        <u>s / Bruce C. Smith</u>

                                        BRUCE C. SMITH
                                        Assistant U.S. Attorney
                                        Attorneys for Plaintiff
                                        United States of America
                                        E-mail: bruce.smith@usdoj.gov

08cv0394