1    RICHARD M. BARNETT
     A Professional Law Corporation
2    California Bar Number 65132
     105 West F Street, 4th Floor
3    San Diego, CA 92101
     Telephone: (619) 231-1182
4    Email: rmb-atty@pacbell.net

5    Attorney for Claimant Yubran Mesle

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,              )   Case No. 08-CV-0394-WQH(CAB)
                                            )
11          Plaintiff,                      )   RESPONSE AND OPPOSITION TO
                                            )   MOTION FOR JUDGMENT BY
12                                          )   DEFAULT AND TO SET ASIDE
            vs.                             )   CLERK'S DEFAULT PURSUANT TO
13                                          )   RULE 55(c) OF THE FEDERAL RULES
     SIGNED PERSONAL CHECK NO. 730          )   OF CIVIL PROCEDURE
14   OF YUBRAN S. MESLE, DRAWN              )
     FROM BANK OF AMERICA ACCOUNT           )   [EXHIBITS]
15   NO. 09672 67676 IN THE                 )
     AMOUNT OF $240,000.00 IN               )
16   U.S. CURRENCY;                         )
                                            )
17   SIGNED PERSONAL CHECK NO. 1004         )
     OF YUBRAN S. MESLE, DRAWN              )
18   FROM WELLS FARGO ACCOUNT               )
     NO. 3572585739 IN THE AMOUNT           )
19   OF $5,000.00 IN U.S. CURRENCY          )
                                            )
20   SIGNED PERSONAL CHECK NO. 1040         )
     OF YUBRAN S. MESLE, DRAWN              )
21   FROM BANK OF AMERICA ACCOUNT           )
     NO. 24547 67190, NO AMOUNT             )
22   STATED;                               )
                                            )
23   $197,031.14 IN U.S. CURRENCY           )
     SEIZED FROM BANK OF AMERICA            )
24   ACCOUNT NO. 09672 67676 ON             )
     FEBRUARY 22, 2008;                     )
25                                          )
     $1,598.21 IN U.S. CURRENCY             )
26   SEIZED FROM WELLS FARGO BANK           )
     ACCOUNT NO. 3572585739 ON              )
27   FEBRUARY 22, 2008.                     )
                                            )
28              Defendants.                 )
     _____       )

# EXHIBIT "A"

$200000                                                                                          NOV. 7,2007

# PROMISSORY NOTE
## Balloon Payment

For value received, the undersigned promise(s) to pay to the order of JOE PERSEKIAN (hereinafter "Holder"), in legal tender, the sum of $200000, with interest accruing thereon at the annual rate of 0 percent. This Note commences on NOV. 7,2007 (hereinafter "Commencement Date"), and all obligations set forth herein are measured from this date. No payments of principal or interest are required to be paid until the due date, which due date is no later thanONE months after the Commencement Date.

In the event legal action is brought to recover on, or to secure payment on, the within Note, or in the event any party hereto, or assignee, files an action to interpret any provisions of this Note, the prevailing party in such action shall be entitled to such legal fees and costs of suit as determined by a court of law of competent jurisdiction to have been reasonably incurred in such action.

All payments and performance of the obligations under this Note shall be made at 15244 ESPOLA RD POWAY CA. 92064.

This Note shall be governed and interpreted under the laws of the State of CA.

Dated: 11/7/07

YUBRAN MESLE

State of California
County of Los Angeles
on No 7, 2007



LORENA ESCOBAR
Commission # 1457241
Notary Public - California
Los Angeles County
My Comm. Expires Dec 20, 2007

# EXHIBIT "B"



U.S. Customs and
Border Protection
9495 Customhouse Plaza
San Diego, CA 92154

CIVIL ASSET FORFEITURE REFORM ACT
NOTICE OF SEIZURE OF PROPERTY

NOV 1 4 2007

Seizure Case No. 2008 2504 000313
FP&F: sm

Yubran S Mesle
11587 Trailway Drive
Riverside, CA 92505

Dear Sir or Madam:

This is to officially notify you that U.S. Customs and Border Protection/Immigration and Customs Enforcement seized the property described below at <u>San Ysidro, CA</u> on November 9, 2007.

3 bearer negotiable personal checks (Bank of America checks # 1040 and 730, Wells Fargo check #1004), ADV: $245,000.00, SZD: 110907 at San Ysidro, CA

The property was seized and is subject to forfeiture under the provisions of <u>Title 31 United States Code, sections 5316/5317 and 5332, failure to file required currency monetary instruments report / bulk cash smuggling.</u>

The facts available to U.S. Customs and Border Protection indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the legal options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form". You MUST check Box 1 or 3 and return the "Election of Proceedings" form if you wish to contest the forfeiture of the seized property. You may need to complete the "Seized Asset Claim Form", depending on how you complete the "Election of Proceedings" form.

Your legal options are as follows:

1. You may file a petition for relief from the seizure within 30 days from the date of this letter. The provisions of title 19, United States Code, section 1618, and Part 171 of the Customs Regulations (19 CFR Part 171) allow you to do this. The petition need not be in any specific form, but it should include all the facts which you believe warrant relief from forfeiture. All petitions should be filed in duplicate and addressed to <u>U.S. Customs and Border Protection, Attn: Fines, Penalties & Forfeitures, 9495 Customhouse Plaza, San Diego, CA 92154</u>. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

2. You may file an offer in compromise within 30 days from the date of this letter. The provisions of title 19, United States Code, section 1617, allow you to do this. The offer must specifically indicate that you are making it under the provisions of title 19, United States Code, section 1617. If you are offering money in settlement of the case, you must include a cashier's check in the amount of your offer. U.S. Customs and Border Protection may ONLY consider the amount of your offer and will return the full offer if it is rejected. This option may serve to delay the case. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

3. You may submit an offer to pay the full appraised domestic value of the seized property accompanied by that full payment or an irrevocable letter of credit. The provisions of title 19, United States Code, section 1614, and title 19, Code of Federal Regulations, section 162.44, allow you to do this. If U.S. Customs and Border Protection accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition or offer in compromise as described above.

*Vigilance*    ★    *Service*    ★    *Integrity*

CAFRA AF-PUBLISH
-2-

4.  You may choose to do nothing.  If you take no action, or if you check Box 2 on the "Election of Proceedings" form, U.S. Customs and Border Protection will seek to forfeit the property.  U.S. Customs and Border Protection will immediately commence administrative forfeiture proceedings under the legal authority of title 19, United States Code (USC), section 1607, and title 19, Code of Federal Regulations (CFR), Part 162.  In order to obtain administrative forfeiture, U.S. Customs and Border Protection must publish a notice of seizure and intent to forfeit in a newspaper of general circulation for three consecutive weeks.  U.S. Customs and Border Protection will commence such publication on or about January 2, 2008 in the San Diego Commerce.  You may request that this office publish the first notice sooner than the date above.

5.   You may abandon the property.  If you choose this option, please check Box 2 and sign and return the "Election of Proceedings" form.

6.  You may choose to file a claim and have that claim referred to the United States Attorney for the commencement of a court forfeiture action.  If you choose this option YOU MUST CHECK BOX 3 ON THE "ELECTION OF PROCEEDINGS" FORM AND YOU MUST FULLY COMPLETE THE ATTACHED "SEIZED ASSET CLAIM FORM."  If you choose to file a claim directly in response to this letter, you must do so within 35 days of the date of this letter.

If you are a holder of a lien or security interest and you do not file a claim, you may avail yourself of any of the other options listed above, but no relief will be granted to you until after forfeiture unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or the person from whom the property was seized.

No matter which box you check on the "Election of Proceedings" form, you must also sign and return the form along with your petition, offer, or claim.

If you have any questions regarding this matter, please contact Fines, Penalties & Forfeitures at (619) 671-8256.

Sincerely,

Lawrence A. Fanning
FP&F Officer

CAFRA

# EXHIBIT "C"

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

Approved Through 06/30/96
OMB No. 1515-0052

## PETITION FOR REMISSION OR MITIGATION OF FORFEITURES AND PENALTIES INCURRED

19 U.S.C. 1618; 19 CFR 171.11

| 1 AT | San Ysidro Border | 2. SEIZURE CASE NO. 2008 2504 000313 |
|---|---|---|

DESCRIPTION OF MERCHANDISE

3 Personal Checks, one for $240,000~ one for $5,000~
and 1 Blank Check.

All 3 Checks were from my Personal Bank Acct.
Carried By my Brother Ata Dighlani.

| NAME | YUBRAN S. MESLE | 3. ADDRESS 11587 Trailway Drive Riverside, CA. 92505 |
|---|---|---|

Petition for the release of the seized above-described merchandise and for relief from the liability incurred because of the following mitigating circumstances.

I am petitioning for the release of 2 Bank Accounts
from which 3 checks seized By US. Customers.

① Walls Fargo Bank - Acct. #122000247-3572585739
   Yubron S. Mesle - Account Holder.

② Bank of America - Acct. #51000655-09672-67676
   Yubron S. Mesle - Account Holder.

My Bank Accounts have Been placed on "frozen" Status.
My Brother Ata Dighlani did Know he had the Checks
in his pant pockets, But was not aware that carrying
the check across the Border was going to Be a
problem. He actually stated he had them folder with his
Cash. He went to Tijuana, Mexico for a day of Shopping
He does not Know US. Customs currency policies. And
He doesn't realize the Problem this will cause. 1st time this
deposit happened            See Attached paper

| SIGNATURE | 7. ADDRESS 11587 Trailway Dr. Riverside, CA. 92505 | 8. DATE 12/06/07 |
|---|---|---|

Paperwork Reduction Act Notice: The Paperwork Reduction Act of 1980 says we must tell you why we are collecting this information, how we will use it, and whether you have to give it to us. We ask for this information to carry out the Customs Service laws of the United States. This form is used by those persons who are requesting mitigation of a penalty or remission of a forfeiture which has been incurred under the customs laws or a law administered by Customs. Completion of the form will permit the authorized Customs officer to grant mitigation or remission. It is required that the form be completed to obtain this benefit. The estimated average burden associated with this collection of information is 15 minutes per respondent or recordkeeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to U.S. Customs Service, Paperwork Management Branch, Washington DC 20229. DO NOT send completed form(s) to this office.

U.S. Government Printing Office: 1996 - 405-443/36053

Customs Form 4609 (120495)

12/06/07

Seizure case no -
2008  2504  000313

cont' question #6 -

This was an unintentional mistake on my
Brother Ata Seghlaui's behalf. I have
attached a Copy of a Promissory Note date
Nov. 7, 2007. From Joe Persekian to me
Yousron S. Mesle. This will help you understand
where the sume of the check for $240,000-
come from. It was a loan to me. I have to
pay Back.

Thank You -

Yousron S. Mesle
11587 Freulway St.
Riverside, CA 92505
951-371-0700 Office

Nov 14 07 02:29p     JOE PERSEKIAN                      858-513-3736          p.1

$200000                                                            NOV. 7,2007

## PROMISSORY NOTE
### Balloon Payment

For value received, the undersigned promise(s) to pay to the order of JOE PERSEKIAN (hereinafter "Holder"), in legal tender, the sum of $200000, with interest accruing thereon at the annual rate of 0 percent. This Note commences on NOV. 7,2007 (hereinafter "Commencement Date"), and all obligations set forth herein are measured from this date. No payments of principal or interest are required to be paid until the due date, which due date is no later thanONE months after the Commencement Date.

In the event legal action is brought to recover on, or to secure payment on, the within Note, or in the event any party hereto, or assignee, files an action to interpret any provisions of this Note, the prevailing party in such action shall be entitled to such legal fees and costs of suit as determined by a court of law of competent jurisdiction to have been reasonably incurred in such action.

All payments and performance of the obligations under this Note shall be made at 15244 ESPOLA RD POWAY CA. 92064.

This Note shall be governed and interpreted under the laws of the State of CA.

Dated: _11 / 7 /07_

YUBRAN MESLE

State of California
County of Los Angeles
on No 7, 2007



LORENA ESCOBAR
Commission # 1457241
Notary Public - California
Los Angeles County
My Comm. Expires Dec 20, 2007

# EXHIBIT "D"

U.S. CUSTOMS AND BORDER PROTECTION
SEIZED ASSET CLAIM FORM
*This form should be used only if you want your case referred to the United States Attorney to initiate forfeiture proceedings in Federal Court.*

Name: Uubron S. Nesle

Seizure No. 2008 2504 000313

Address: 11507 Trailway Dr.
Riverside, CA 92505

(IMPORTANT: BE SURE TO

Telephone No: (714) 333-5907
951-371-0700 Office

COMPLETE ALL PARTS BELOW)

As authorized by 18 USC 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

3 Personal Checks - 2 Different Banks.
① Bank of America - check #1040 - Acct. #510000655 -09672-67676
AMT - Blank Check $0.
② Bank of America - check # 730 - Acct. # 510000655 -09672 -67676
AMT. $ 240,000 - dollars
③ Wells Fargo Bank - check #1004 - Acct. #122000247 -35725 85739
PART II $5000.00 dollars.

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

My interest in these checks are Because They Belong to me. They are not the property of my Brother Ata Deghloui. It has Cause my Bank accounts to be "frozen". I need them, neseized and checks returned. It is affecting my livelihood and ability to Survive.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

Uubron S. Nesle
Name (Print)

12/06/07
Date

[signature]
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

# EXHIBIT "E"

| (U.S. Customs Use Only) | | DEPARTMENT OF THE TREASURY<br>UNITED STATES CUSTOMS SERVICE | Form Approved<br>OMB No. 1515-0079 |
|---|---|---|---|
| Control No. | | **REPORT OF INTERNATIONAL<br>TRANSPORTATION OF CURRENCY<br>OR MONETARY INSTRUMENTS** | ► This form is to be filed with the United States Customs Service<br>► For Paperwork Reduction Act Notice and Privacy Act Notice, see back of form. |
| 31 U.S.C. 5316; 31 CFR 103.23 and 103.25<br>► Please type or print. | | | |

**Part I    FOR INDIVIDUAL DEPARTING FROM OR ENTERING THE UNITED STATES**

| 1. NAME (Last or family, first, and middle) | 2. IDENTIFYING NO. (See Instructions) | 3. DATE OF BIRTH (Mo./Day/Yr.) |
|---|---|---|
| Negle, Judson S. | CDL # D4073743 | 10 . 103 . 70 |

| 4. PERMANENT ADDRESS IN UNITED STATES OR ABROAD | 5. OF WHAT COUNTRY ARE YOU A CITIZEN/SUBJECT? |
|---|---|
| 11587 Trailway Dr. Riverside, CA 92505 | U.S. |

| 6. ADDRESS WHILE IN THE UNITED STATES | 7. PASSPORT NO. & COUNTRY |
|---|---|
| Same as above | N/A |

| 8. U.S. VISA DATE | 9. PLACE UNITED STATES VISA WAS ISSUED | 10. IMMIGRATION ALIEN NO. (If any) |
|---|---|---|
| N/A | N/A | N/A |

**11. CURRENCY OR MONETARY INSTRUMENT WAS: (Complete 11A or 11B)**

| A. EXPORTED | | B. IMPORTED | |
|---|---|---|---|
| Departed From: (City in U.S.) | Arrived At: (Foreign City/Country) | From: (Foreign City/Country) | At: (City in U.S.) |
| | | | |

**Part II    FOR PERSON SHIPPING, MAILING, OR RECEIVING CURRENCY OR MONETARY INSTRUMENTS**

| 12. NAME (Last or family, first, and middle) | 13. IDENTIFYING NO. (See Instructions) | 14. DATE OF BIRTH (Mo./Day/Yr.) |
|---|---|---|
| | | |

| 15. PERMANENT ADDRESS IN UNITED STATES OR ABROAD | 16. OF WHAT COUNTRY ARE YOU A CITIZEN/SUBJECT? |
|---|---|
| | |

| 17. ADDRESS WHILE IN THE UNITED STATES | 18. PASSPORT NO. & COUNTRY |
|---|---|
| | |

| 19. U.S. VISA DATE | 20. PLACE UNITED STATES VISA WAS ISSUED | 21. IMMIGRATION ALIEN NO. (If any) |
|---|---|---|
| | | |

| 22. CURRENCY OR MONETARY INSTRUMENTS | 23. CURRENCY OR MONETARY INSTRUMENTS | NAME AND ADDRESS | 24. IF THE CURRENCY OR MONETARY INSTRUMENT WAS MAILED, SHIPPED, OR TRANSPORTED COMPLETE BLOCKS A AND B. |
|---|---|---|---|
| DATE SHIPPED | ☐ Shipped To ► | | A. Method of Shipment (Auto, U.S. Mail, Public Carrier, etc.) |
| DATE RECEIVED | ☐ Received From ► | | B. Name of Transporter/Carrier |

**Part III    CURRENCY AND MONETARY INSTRUMENT INFORMATION (SEE INSTRUCTIONS ON REVERSE)(To be completed by everyone)**

| 25. TYPE AND AMOUNT OF CURRENCY/MONETARY INSTRUMENTS | | Value in U.S. Dollars | 26. IF OTHER THAN U.S. CURRENCY IS INVOLVED, PLEASE COMPLETE BLOCKS A AND B. (SEE SPECIAL INSTRUCTIONS) |
|---|---|---|---|
| Coins . . . . . . . . . . . . . . . . . . . . . . . ☐ A. ► | | $ | |
| Currency . . . . . . . . . . . . . . . . . . . . . ☐ B. ► | | | A. Currency Name |
| Other Instruments (Specify Type) 3 Personal Checks ☒ C. ► | | 245,000 | B. Country |
| (Add lines A, B and C) . . . . . . . . . . . . . . TOTAL AMOUNT ► | | $ | |

**Part IV    GENERAL - TO BE COMPLETED BY ALL TRAVELERS, SHIPPERS, AND RECIPIENTS**

| 27. WERE YOU ACTING AS AN AGENT, ATTORNEY OR IN CAPACITY FOR ANYONE IN THIS CURRENCY OR MONETARY INSTRUMENT ACTIVITY? (If "Yes" complete A, B and C) | | ☐ Yes    ☐ No |
|---|---|---|

| PERSON IN WHOSE BE-HALF YOU ARE ACTING ► | A. Name | B. Address | C. Business activity, occupation, or profession |
|---|---|---|---|
| | | | |

Under penalties of perjury, I declare that I have examined this report, and to the best of my knowledge and belief it is true, correct and complete.

| 28. NAME AND TITLE | 29. SIGNATURE | 30. DATE |
|---|---|---|
| [signature] | Judson S. Negle | 12/06/07 |

(Replaces IRS Form 4790 which is obsolete.)

Customs Form 4790 (031695)

# EXHIBIT "F"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Oni Kovicik_ □ Agent □ Addressee <br><br> B. Received by (Printed Name)  _Oni Kovicik_    C. Date of Deliver |
| 1. Article Addressed to: <br><br> US. Customs & Border Protection <br> 9495 Customhouse Pl. <br> San Diego, CA. 92154 <br><br> CUSTOMS & BORDER PROTECTION <br> FINES, PENALTIES, & FORFEITURES <br> 9495 CUSTOMHOUSE PLAZA <br> SAN DIEGO, CA 92154 | D. Is delivery address different from item 1?  □ Yes <br> If YES, enter delivery address below:   □ No <br><br> 3. Service Type <br> □ Certified Mail   ☒ Express Mail <br> □ Registered   □ Return Receipt for Merchandis <br> □ Insured Mail   □ C.O.D. <br><br> 4. Restricted Delivery? (Extra Fee)   □ Yes |
| 2. Article Number <br> (Transfer from service label) | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-15 |

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Yusron S. Nesle
11587 Trailway Dr.
Riverside, CA 92505

EB 892991283 2U

**EXPRESS MAIL**
**UNITED STATES POSTAL SERVICE®**   **Post Office To Addressee**
Label 11-B, March 2004

### ORIGIN (POSTAL SERVICE USE ONLY)

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |

Date Accepted — Mo. Day Year

Time Accepted ☐ AM ☐ PM

Flat Rate ☐ or Weight ___ lbs. ___ ozs.

FROM: (PLEASE PRINT)   PHONE ( ) 951-371-0700

TO: (PLEASE PRINT)

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call 1-800-222-1811
**EMS**

---

EB 892991270 US

**EXPRESS MAIL**   **Customer Copy**
Label 11-B, March 2004
**UNITED STATES POSTAL SERVICE®**   **Post Office To Addressee**

FROM: (PLEASE PRINT)   PHONE (951) 371-0700

TO: (PLEASE PRINT)
U.S. Customs & Border Protection

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call 1-800-222-1811
**EMS**



CORONA POST OFFICE
CORONA, California
928789998
0569390740 -0098
12/06/2007   (800)275-8777      02:04:19 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| SAN DIEGO CA 92154 | | | $16.25 |
| Zone-2 Express Mail | | | |
| PO-Add Flat Rate | | | |
| 3.40 oz. | | | |
| Label #:      EB892991270US | | | |
| Next Day Noon  / Normal | | | |
| Delivery | | | |
| Return Rcpt (Green Card) | | | $2.15 |
| | | | ======== |
| Issue PV1: | | | $18.40 |
| | | | |
| SAN DIEGO CA 92154 | | | $16.25 |
| Zone-2 Express Mail | | | |
| PO-Add Flat Rate | | | |
| 3.70 oz. | | | |
| Label #:      EB892991283US | | | |
| Next Day Noon  / Normal | | | |
| Delivery | | | |
| Return Rcpt (Green Card) | | | $2.15 |
| | | | ======== |
| Issue PVI: | | | $18.40 |
| | | | |
| NOVATO CA 94948 Zone-4 | | | $4.60 |
| Priority Mail Flat Rate | | | |
| Env | | | |
| 1.90 oz. | | | |
| Delivery Confirmation | | | $0.65 |
| Label #: | | | |
| 03071790000006358962 | | | |
| | | | ======== |
| Issue PVI: | | | $5.25 |

Total:                              $42.05

Paid by:
Cash                                $42.05

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000202614813
Clerk: 10

    All sales final on stamps and postage.
    Refunds for guaranteed services only.
         Thank you for your business.
*******************************************
*******************************************
         HELP US SERVE YOU BETTER

       Go to: http://gx.gallup.com/pos

      TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

         YOUR OPINION COUNTS
*******************************************
*******************************************


                Customer Copy

---

CHECK ONE (POSTAL USE ONLY):
☐ Priority Mail Service ™
☐ First-Class Mail ™ parcel
☐ Package Services parcel

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access Internet web site at
www.usps.com ®
or call 1-800-222-1811

Article Sent To: (to be completed by mailer)

U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

DELIVERY CONFIRMATION NUMBER:

7105 0530 0000 9318 8935

# EXHIBIT "G"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

08 FEB 21 PM 4: 51

BANK OF AMERICA
Account: 09672 67676
The Funds on Deposit up to
$240,000.00

**APPLICATION AND AFFIDAVIT**

**FOR SEIZURE WARRANT**

DEPUTY

**CASE NUMBER:** '08 MJ 0513

I, ___Lisa M. Tracy___, being duly sworn depose and say:

I am a __Senior Special Agent with United States Immigration and Customs Enforcement (ICE)__,
                    *Official Title*
and I have reason to believe that due to a violation which occurred in the Southern District of California, that there is now certain forfeitable property, namely:

> THE FUNDS ON DEPOSIT, Limited to $240,000.00, from BANK OF AMERICA,
> Account: 09672 67676

which property is traceable to personal check number #730, dated November 28, 2007, written for the amount of $240,000.00, drawn on BANK OF AMERICA Bank account number: 09672 67676, which was transported into the United States, in bearer form, which transportation was not reported, in violation of Title 31 United States Code, Section 5316 and 5332. The United States Government seeks forfeiture of the funds traceable to personal check number #730, pursuant to Title 31, United States Code, Section 5317. The
The facts to support a finding of Probable Cause are as follows:

*SEE ATTACHED AFFIDAVIT, WHICH IS HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF.*

*Signature of Affiant*
*Lisa M. Tracy*

*Sworn to before me, and subscribed in my presence*
2/21/08, 16:11 hrs          at ___San Diego, California___
**Date/Time issued**

Honorable ___WILLIAM MCCURINE, JR.___

__United States Magistrate Judge__
**Name and Title of Judicial Officer**

*W. McCurine Jr.*
**Signature of Judicial Officer**

AFFIDAVIT IN SUPPORT OF AN APPLICATION

FOR SEIZURE WARRANT

STATE OF CALIFORNIA)

COUNTY OF SAN DIEGO)


I,   Lisa M. Tracy, Senior Special Agent (SSA), United States Immigration and Customs Enforcement (ICE), being duly sworn, depose and state:

**A.    EXPERIENCE AND TRAINING**

1.   I have over 14 years experience as a federal law enforcement officer.  I have been a Special Agent for 12 years, first with the Immigration and Naturalization Service, and then with Immigration and Customs Enforcement.  During my time in service, I have investigated numerous border crimes of varying complexity.  I have been assigned to Financial Investigations since May of 2004.

2.   Throughout my law enforcement career, I have participated in and or executed numerous searches, seizures, and arrests.  I have also applied for warrants to conduct searches, seizures, and arrests.   I am familiar with the enforcement of laws relating to Immigration and Customs violations, money laundering, and asset forfeiture.

B.    **PROPERTY TO BE SEIZED**

3.    This affidavit is made in support of the application

for seizure warrants for the following assets:

**Funds on Deposit in BANK OF AMERICA Account**

**Number: 09672 67676, up to $240,000.000;** BANK

OF AMERICA, Lincoln-Tustin, 2680 N Tustin

Ave., Orange, CA; Phone 714-533-4470; Account

Holder: Yubran MESLE;.

**Funds on Deposit in WELLS FARGO Account Number: 3572585739**

**up to $5,000.00;** WELLS FARGO Bank, N. A.; California,;

Account Holder: Yubran S MESLE.

C.    **STATUTORY BASIS FOR SEIZURE AND FORFEITURE**

4.    As set forth below, there is probable cause to believe

that on or about November 8, 2007, Ata DIGHLAWI failed to report

the transportation of Monetary Instruments, in bearer form, in

excess of $10,000.00 into the United States, from Mexico, in

violation of Title 31, Sections 5316 and 5332.    There is also

probable cause to believe, the funds on deposit in BANK OF

AMERICA Bank account: 09672 67676, up to $240,000.00, and the

funds on deposit in WELLS FARGO Bank account: 3572585739, up to

$5,000.00, are traceable to the monetary instruments seized by

the United States government for violation of Title 31 of the

2

1    U.S.C. Sections 5316 and 5332. The government seeks to civilly

2    forfeit the funds traceable to the monetary instruments

3    described herein in paragraphs 13 and 14, pursuant to Title 31

4    United States Code, Section 5317.

5       4(a).    Title 31, United States Code, Section 5316(a)

6    provides that a person shall file a report under Section 5316(b)

7    when the person transports, is about to transport, or has

8    transported monetary instruments of more than $10,000.00 in U.S.

9    dollars at one time to a place in the United States from or

10    through a place outside the United States.

11       4(b).    Title 31, United States Code, Section 5324

12    provides that no person shall, for the purpose of evading the

13    reporting requirements of section 5316, fail to file a report

14    required by section 5316 or cause or attempt to cause a person

15    to fail to file such a report. Section 5324(d) provides whoever

16    violates this section shall be fined in accordance with Title

17    18, United States Code, imprisoned for 5 years, or both.

18       4(c).    The term "monetary instrument" is defined by the

19    Secretary of the Treasury. The definition is provided at 31 CFR

20    103.11. "Monetary Instruments" includes, currency, Traveler's

21    checks in any form, all negotiable instruments – including,

22    inter alia, personal checks, business checks, third party checks

23    – that are either in bearer form, endorsed without restriction,

24    made out to a fictitious payee, or otherwise in such form that

25    title thereto passes upon delivery. "Monetary Instruments" also

1  includes incomplete instruments – including, inter alia,

2  personal checks, business checks, third-party checks signed but

3  with the payee's name omitted.

4      5.    Pursuant to 28 U.S.C. § 1355(b) and 18 U.S.C.

5  § 981(b)(3) (made effective under the Civil Asset Forfeiture

6  Reform Act of 2000), this Court may issue seizure warrants for

7  property located outside the district when acts or omissions

8  giving rise to forfeiture occurred in this district.  Here, the

9  failure to report the transportation of a monetary instrument in

10 excess of $10,000.00 into the United States, occurred within

11 this district.  The subject property is located in the Central

12 District of California.

13     5(a).    Title 18, United States Code, Section 981(b)(3)

14 provides, a seizure warrant may be issued pursuant to this

15 subsection by a judicial officer in any district in which a

16 forfeiture action against the property may be filed under Title

17 28, United States Code, Section 1355(b), and may be executed in

18 any district in which the property is found.

19     5(b).    Title 28, United States Code Section 1355(b)(1)

20 provides a forfeiture action or proceeding may be brought in (A)

21 the district court for the district in which any of the acts or

22 omissions giving rise to the forfeiture occurred; or (B) any

23 other district where venue for the forfeiture action or

24

25

proceeding is specifically provided for in section 1395 of this title or any other statute.

### D. BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

6.    I make this affidavit based on oral and written reports about this investigation that I have received from federal agents of the Department of Homeland Security, Immigration and Customs Enforcement (ICE) and Customs and Border Protection(CBP).

7.    Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by Special Agents of ICE and/or CBP.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided to me by another law enforcement officer.

8.    Because this affidavit is being submitted for the limited purpose of securing seizure warrants for the deposited funds traceable to monetary instruments seized by the United States Government, I have not set forth each and every fact learned during the course of this investigation.  I have set forth only the facts that I believe are necessary to establish the foundation for the purpose requested above.

### E. FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

9.    On November 8, 2007, ICE Special Agent Glenn MacDonald, an ICE agent assigned to the Financial Task Force, was notified of a incident at the San Ysidro Port of Entry

5

involving the seizure of monetary instruments.  On November 8, 2007, Agent MacDonald responded to the call, arrived at the San Ysidro, California, Port of Entry, and determined the following:

10.  On November 8, 2007, at approximately 8:30 pm, Ata DIGHLAWI (driver) and Ahmad AYESH (passenger) applied for entry at the San Ysidro, California, Port of Entry (POE) while in a silver GMC Sierra (CAUS/8J51268).  DIGHLAWI handed Customs and Border Protection (CBP) Primary Officer Danilo CAYAS two California driver's licenses and declared himself to be a U.S. citizen.  The passenger, AYESH, also claimed to be a U.S. citizen.  Officer Cayas received two negative Customs declarations from DIGHWALI.  Officer Cayas referred DIGHLAWI to secondary inspection.

11.  On November 8, 2007, at approximately 9:00 pm, CBP Officer Sean Richardson was assigned to conduct the secondary inspections at the San Ysidro, California Port of Entry.  CBP Officer Richardson inspected the silver GMC Sierra (CAUS/8J51268) with the assistance of CBP Officer A. Inouye.  During his inspection, Officer Richardson discovered a grey plastic bag in the center console that contained 29 credit cards.  Several of the credit cards had the same number but different names associated with them.

12.  Agents MacDonald and Dimeglio contacted several credit card companies in relation to the 29 credit cards found in the

6

center console. Some of the credit card issuing companies requested that the cards be returned to them.

13. While conducting secondary inspection, CBP Officer Inouye also discovered a receipt from Western Union regarding money that was sent to Pakistan.

14. Ata DIGHLAWI (driver)and Ahmad AYESH (passenger) were also in possession of various bank deposit slips and receipts, several different individuals' biographical information, including social security numbers, a default letter to Mahbuba DIGHLAWI from CHASE, Arabic writing, various passwords, telephone numbers and a list of things to do.

15. In my experience, it is unusual for people to carry other peoples' biographical information, multiple credit cards issued to other individuals, and or fictitious names, and it is frequently a sign of illegal activities.

16. During the secondary inspection, Officer Inouye discovered three negotiable monetary instruments in the center console. All three instruments were signed personal checks, in bearer form, written from the accounts of Yubran MESLE, later determined to be the brother of the driver, Ata DIGHLAWI and the uncle of the passenger, Ahmad AYESH. The Payee information is blank for all three checks, and none of the checks were endorsed. A description of the instruments is as follows:

7

17. Personal Check #730, dated November 28, 2007, for $240,000.00 drawn on Bank of America Account number: 09672 67676.

18. Personal check #1004, dated November 10, 2007, for $5,000.00 drawn on Wells Fargo account number: 3572585739.

19. Personal check, #1040, not dated, amount blank, drawn on Bank of America account number: 24547 67190.

20. CBP officials determined that there were funds on deposit in the bank accounts for personal checks #730 and #1004. CBP Officials also determined that the account for personal check #1040 was closed.

21. On November 9, 2007, at about 1:25 am, during a post-Miranda interview, with ICE agents Glenn MacDonald and Joseph Dimeglio, Ata DIGHLAWI claimed ownership of all three negotiable instruments. Ata DIGHLAWI claimed that the money from the checks was a payment to him (Ata DIGHLAWI) from his brother, Yubran MESLE, the issuer of the checks. DIGHLAWI told agents that he (DIGHLAWI) had loaned his brother, Yubran MESLE, some money in the past, and that Yubran MESLE was in the process of paying him back.

22. Ata DIGHLAWI stated that the payee information on the checks was left blank, because sometimes he has trouble with the banks, and he was not sure which name the bank would want him to use.

8

23. Both Ata DIGHLAWI and his brother, Yubran MESLE, have numerous aliases.

24. During the interview, Ata DIGHLAWI acknowledged to agents that he has moved money out of the United States to Pakistan on the behalf of other people in the past.

25. Ata DIGLAWI stated that he and his nephew, Ahmad AYESH, who both reside in Riverside County, California, had gone to Mexico to look for a dentist. DIGHLAWI stated that they entered Mexico, from the United States, around 3:30 pm, that same day, November 8, 2007.

26. Ata DIGHLAWI stated that after driving around for a few hours, they never found a dentist and decided to return to the United States.

27. Records checks indicate that on or about March 23, 1997, Ata DIGHLAWI filed a Currency and Monetary Instrument Report for $64,500.00 in currency, and $75,000.00 in the form of a bearer instrument (total amount $139,500.00), upon his arrival to the United States at Houston, Texas, from Managua, Nicaragua.

28. Record checks indicate that on or about April 23, 1999, Ata DIGHLAWI a Currency Transaction Report was filed for a cash deposit of $17,200.00, which was made at Bank of America, in Escondido, California.

29. Records checks indicate that Ata DIGHLAWI was convicted of federal drug violations in February of 2002 and was

9

1  sentenced to 57 months prison.  His brother, Yubran MESLE, pled

2  guilty in December of 2004 to possession of Amphetamines and was

3  sentenced to 46 months prison.

4

5      **F.    KNOWLEDGE**

6      30.  Based upon the facts presented above, there is

7  probable cause to believe that Ata DIGHLAWI is familiar with the

8  reporting requirements relating to large cash transactions in

9  excess of $10,00.00.  There is also probable cause to believe

10 that Ata DIGHLAWI is aware of the reporting requirements

11 relating to the reporting of Currency and Monetary Instruments

12 in excess of $10,000.00 when entering or departing the United

13 States.  There is also probable cause to believe that Ata

14 DIGHLAWI's failure to report the transportation of monetary

15 instruments in bearer form, in excess of $10,000.00 was

16 intentional.

17

18     **G.    CONCLUSION**

19     31. Based on the foregoing, there is probable cause to

20 believe that the funds on deposit in Bank of America Account

21 #09672 67676, held in the name of Yubran Mesle up to the amount

22 of $240,000, is property traceable to one of the monetary

23 instruments involved in the November 8, 2007  violation of 31

24 U.S.C. §§ 5316 and 5324 is forfeitable pursuant to 31 U.S.C §

25 5317 (c) (2).

10

32. Based on the foregoing there is also probable cause to believe that the funds on deposit in Wells Fargo Bank account #3572585739, held in the name of Yubran S. Mesle up to the amount of $5000 is property traceable to one of the monetary instruments involved in the November 8, 2007 violation of 31 U.S.C. §§ 5316 and 5324 and is forfeitable pursuant to 31 U.S.C. §5317(c).

33. Therefore, the affiant requests seizure warrants for the funds on deposit, up to $240,000.00, at Bank of America, account 09672 67676, and the funds on deposit, up to $5,000.00, at Wells Fargo Bank, account 3572585739.

Lisa M. Tracy,
Senior Special Agent,
U.S. Immigration and Customs
Enforcement

Subscribed and sworn before me this 21st day of February, 2008.

United States Magistrate Judge
Southern District of California

11

# EXHIBIT "H"

# UNITED STATES DISTRICT COURT FILED

### SOUTHERN DISTRICT OF CALIFORNIA

08 FEB 21 PM 4:52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Seizure of

(Address or brief description of property or premises to be seized)

**APPLICATION AND AFFIDAVIT**

DEPUTY

WELLS FARGO BANK
Account: 3572585739
The Funds on Deposit up to
$5,000.00

**FOR SEIZURE WARRANT**

**CASE NUMBER:** '08 MJ 0514

I,   Lisa M. Tracy  , being duly sworn depose and say:

I am a   Senior Special Agent with United States Immigration and Customs Enforcement (ICE),

*Official Title*

and I have reason to believe that due to a violation which occurred in the Southern District of California, that there is now certain forfeitable property, namely:

THE FUNDS ON DEPOSIT, Limited to $5,000.00 from WELLS FARGO BANK
Account: 3572585739

which property is traceable to personal check number #1004, dated November 10, 2007, written for the amount of $5,000.00, drawn on WELLS FARGO BANK. Bank account number: 3572585739, which was transported into the United States, in bearer form, which transportation was not reported, in violation of Title 31 United States Code, Section 5316 and 5332. The United States Government seeks forfeiture of the funds traceable to personal check number #1004, pursuant to Title 31, United States Code, Section 5317. The

The facts to support a finding of Probable Cause are as follows:

*SEE ATTACHED AFFIDAVIT, WHICH IS HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF.*

*Sworn to before me, and subscribed in my presence*

2/21/08, 1613 hrs    at    San Diego, California

**Date/Time issued**

*Signature of Affiant*

*Lisa M. Tracy*

Honorable   WILLIAM MCCURINE, JR.

United States Magistrate Judge

**Name and Title of Judicial Officer**

*Signature of Judicial Officer*

AFFIDAVIT IN SUPPORT OF AN APPLICATION

FOR SEIZURE WARRANT

STATE OF CALIFORNIA)

COUNTY OF SAN DIEGO)


        I,    Lisa M. Tracy, Senior Special Agent (SSA), United

States Immigration and Customs Enforcement (ICE), being duly

sworn, depose and state:

**A.    EXPERIENCE AND TRAINING**

        1.    I have over 14 years experience as a federal law

enforcement officer.  I have been a Special Agent for 12 years,

first with the Immigration and Naturalization Service, and then

with Immigration and Customs Enforcement.  During my time in

service, I have investigated numerous border crimes of varying

complexity.   I have been assigned to Financial Investigations

since May of 2004.

        2.    Throughout my law enforcement career, I have

participated in and or executed numerous searches, seizures, and

arrests.  I have also applied for warrants to conduct searches,

seizures, and arrests.   I am familiar with the enforcement of

laws relating to Immigration and Customs violations, money

laundering, and asset forfeiture.

B.    PROPERTY TO BE SEIZED

3.    This affidavit is made in support of the application for seizure warrants for the following assets:

**Funds on Deposit in BANK OF AMERICA Account Number: 09672 67676, up to $240,000.000;** BANK OF AMERICA, Lincoln-Tustin, 2680 N Tustin Ave., Orange, CA; Phone 714-533-4470; Account Holder: Yubran MESLE;.

**Funds on Deposit in WELLS FARGO Account Number: 3572585739 up to $5,000.00;** WELLS FARGO Bank, N. A.; California,; Account Holder: Yubran S MESLE.

C.    STATUTORY BASIS FOR SEIZURE AND FORFEITURE

4.    As set forth below, there is probable cause to believe that on or about November 8, 2007, Ata DIGHLAWI failed to report the transportation of Monetary Instruments, in bearer form, in excess of $10,000.00 into the United States, from Mexico, in violation of Title 31, Sections 5316 and 5332.  There is also probable cause to believe, the funds on deposit in BANK OF AMERICA Bank account: 09672 67676, up to $240,000.00, and the funds on deposit in WELLS FARGO Bank account: 3572585739, up to $5,000.00, are traceable to the monetary instruments seized by the United States government for violation of Title 31 of the

2

1    U.S.C. Sections 5316 and 5332.  The government seeks to civilly

2    forfeit the funds traceable to the monetary instruments

3    described herein in paragraphs 13 and 14, pursuant to Title 31

4    United States Code, Section 5317.

5       4(a).     Title 31, United States Code, Section 5316(a)

6    provides that a person shall file a report under Section 5316(b)

7    when the person transports, is about to transport, or has

8    transported monetary instruments of more than $10,000.00 in U.S.

9    dollars at one time to a place in the United States from or

10   through a place outside the United States.

11       4(b).     Title 31, United States Code, Section 5324

12   provides that no person shall, for the purpose of evading the

13   reporting requirements of section 5316, fail to file a report

14   required by section 5316 or cause or attempt to cause a person

15   to fail to file such a report.  Section 5324(d) provides whoever

16   violates this section shall be fined in accordance with Title

17   18, United States Code, imprisoned for 5 years, or both.

18       4(c).     The term "monetary instrument" is defined by the

19   Secretary of the Treasury.  The definition is provided at 31 CFR

20   103.11.  "Monetary Instruments" includes, currency, Traveler's

21   checks in any form, all negotiable instruments – including,

22   inter alia, personal checks, business checks, third party checks

23   – that are either in bearer form, endorsed without restriction,

24   made out to a fictitious payee, or otherwise in such form that

25   title thereto passes upon delivery.  "Monetary Instruments" also

3

1  includes incomplete instruments – including, inter alia,

2  personal checks, business checks, third-party checks signed but

3  with the payee's name omitted.

4       5.    Pursuant to 28 U.S.C. § 1355(b) and 18 U.S.C.

5  § 981(b)(3) (made effective under the Civil Asset Forfeiture

6  Reform Act of 2000), this Court may issue seizure warrants for

7  property located outside the district when acts or omissions

8  giving rise to forfeiture occurred in this district.  Here, the

9  failure to report the transportation of a monetary instrument in

10  excess of $10,000.00 into the United States, occurred within

11  this district.  The subject property is located in the Central

12  District of California.

13

14       5(a).    Title 18, United States Code, Section 981(b)(3)

15  provides, a seizure warrant may be issued pursuant to this

16  subsection by a judicial officer in any district in which a

17  forfeiture action against the property may be filed under Title

18  28, United States Code, Section 1355(b), and may be executed in

19  any district in which the property is found.

20       5(b).    Title 28, United States Code Section 1355(b)(1)

21  provides a forfeiture action or proceeding may be brought in (A)

22  the district court for the district in which any of the acts or

23  omissions giving rise to the forfeiture occurred; or (B) any

24  other district where venue for the forfeiture action or

25

4

1  proceeding is specifically provided for in section 1395 of this

2  title or any other statute.

3      D.    **BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT**

4      6.    I make this affidavit based on oral and written

5  reports about this investigation that I have received from

6  federal agents of the Department of Homeland Security,

7  Immigration and Customs Enforcement (ICE) and Customs and Border

8  Protection(CBP).

9      7.    Except where otherwise noted, the information set

10 forth in this affidavit has been provided to me directly or

11 indirectly by Special Agents of ICE and/or CBP.  Unless

12 otherwise noted, wherever in this affidavit I assert that a

13 statement was made, the information was provided to me by

14 another law enforcement officer.

15     8.    Because this affidavit is being submitted for the

16 limited purpose of securing seizure warrants for the deposited

17 funds traceable to monetary instruments seized by the United

18 States Government, I have not set forth each and every fact

19 learned during the course of this investigation.  I have set

20 forth only the facts that I believe are necessary to establish

21 the foundation for the purpose requested above.

22     E.    **FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE**

23     9.    On November 8, 2007, ICE Special Agent Glenn

24 MacDonald, an ICE agent assigned to the Financial Task Force,

25 was notified of a incident at the San Ysidro Port of Entry

5

involving the seizure of monetary instruments.  On November 8,

2007, Agent MacDonald responded to the call, arrived at the San

Ysidro, California, Port of Entry, and determined the following:

10.   On November 8, 2007, at approximately 8:30 pm, Ata

DIGHLAWI (driver) and Ahmad AYESH (passenger) applied for entry

at the San Ysidro, California, Port of Entry (POE) while in a

silver GMC Sierra (CAUS/8J51268).  DIGHLAWI handed Customs and

Border Protection (CBP) Primary Officer Danilo CAYAS two

California driver's licenses and declared himself to be a U.S.

citizen.  The passenger, AYESH, also claimed to be a U.S.

citizen.  Officer Cayas received two negative Customs

declarations from DIGHWALI.  Officer Cayas referred DIGHLAWI to

secondary inspection.

11.   On November 8, 2007, at approximately 9:00 pm, CBP

Officer Sean Richardson was assigned to conduct the secondary

inspections at the San Ysidro, California Port of Entry.  CBP

Officer Richardson inspected the silver GMC Sierra

(CAUS/8J51268) with the assistance of CBP Officer A. Inouye.

During his inspection, Officer Richardson discovered a grey

plastic bag in the center console that contained 29 credit

cards.  Several of the credit cards had the same number but

different names associated with them.

12.   Agents MacDonald and Dimeglio contacted several credit

card companies in relation to the 29 credit cards found in the

6

center console.  Some of the credit card issuing companies
requested that the cards be returned to them.

    13.  While conducting secondary inspection, CBP Officer
Inouye also discovered a receipt from Western Union regarding
money that was sent to Pakistan.

    14.  Ata DIGHLAWI (driver) and Ahmad AYESH (passenger) were
also in possession of various bank deposit slips and receipts,
several different individuals' biographical information,
including social security numbers, a default letter to Mahbuba
DIGHLAWI from CHASE, Arabic writing, various passwords,
telephone numbers and a list of things to do.

    15.  In my experience, it is unusual for people to carry
other peoples' biographical information, multiple credit cards
issued to other individuals, and or fictitious names, and it is
frequently a sign of illegal activities.

    16.  During the secondary inspection, Officer Inouye
discovered three negotiable monetary instruments in the center
console.  All three instruments were signed personal checks, in
bearer form, written from the accounts of Yubran MESLE, later
determined to be the brother of the driver, Ata DIGHLAWI and the
uncle of the passenger, Ahmad AYESH.  The Payee information is
blank for all three checks, and none of the checks were
endorsed.  A description of the instruments is as follows:

17. Personal Check #730, dated November 28, 2007, for $240,000.00 drawn on Bank of America Account number: 09672 67676.

18. Personal check #1004, dated November 10, 2007, for $5,000.00 drawn on Wells Fargo account number: 3572585739.

19. Personal check, #1040, not dated, amount blank, drawn on Bank of America account number: 24547 67190.

20. CBP officials determined that there were funds on deposit in the bank accounts for personal checks #730 and #1004. CBP Officials also determined that the account for personal check #1040 was closed.

21. On November 9, 2007, at about 1:25 am, during a post-Miranda interview, with ICE agents Glenn MacDonald and Joseph Dimeglio, Ata DIGHLAWI claimed ownership of all three negotiable instruments. Ata DIGHLAWI claimed that the money from the checks was a payment to him (Ata DIGHLAWI) from his brother, Yubran MESLE, the issuer of the checks. DIGHLAWI told agents that he (DIGHLAWI) had loaned his brother, Yubran MESLE, some money in the past, and that Yubran MESLE was in the process of paying him back.

22. Ata DIGHLAWI stated that the payee information on the checks was left blank, because sometimes he has trouble with the banks, and he was not sure which name the bank would want him to use.

8

23. Both Ata DIGHLAWI and his brother, Yubran MESLE, have numerous aliases.

24. During the interview, Ata DIGHLAWI acknowledged to agents that he has moved money out of the United States to Pakistan on the behalf of other people in the past.

25. Ata DIGLAWI stated that he and his nephew, Ahmad AYESH, who both reside in Riverside County, California, had gone to Mexico to look for a dentist. DIGHLAWI stated that they entered Mexico, from the United States, around 3:30 pm, that same day, November 8, 2007.

26. Ata DIGHLAWI stated that after driving around for a few hours, they never found a dentist and decided to return to the United States.

27. Records checks indicate that on or about March 23, 1997, Ata DIGHLAWI filed a Currency and Monetary Instrument Report for $64,500.00 in currency, and $75,000.00 in the form of a bearer instrument (total amount $139,500.00), upon his arrival to the United States at Houston, Texas, from Managua, Nicaragua.

28. Record checks indicate that on or about April 23, 1999, Ata DIGHLAWI a Currency Transaction Report was filed for a cash deposit of $17,200.00, which was made at Bank of America, in Escondido, California.

29. Records checks indicate that Ata DIGHLAWI was convicted of federal drug violations in February of 2002 and was

9

1  sentenced to 57 months prison.  His brother, Yubran MESLE, pled

2  guilty in December of 2004 to possession of Amphetamines and was

3  sentenced to 46 months prison.

4

5  **F.    KNOWLEDGE**

6      30.  Based upon the facts presented above, there is

7  probable cause to believe that Ata DIGHLAWI is familiar with the

8  reporting requirements relating to large cash transactions in

9  excess of $10,00.00.  There is also probable cause to believe

10 that Ata DIGHLAWI is aware of the reporting requirements

11 relating to the reporting of Currency and Monetary Instruments

12 in excess of $10,000.00 when entering or departing the United

13 States.  There is also probable cause to believe that Ata

14 DIGHLAWI's failure to report the transportation of monetary

15 instruments in bearer form, in excess of $10,000.00 was

16 intentional.

17

18 **G.    CONCLUSION**

19      31. Based on the foregoing, there is probable cause to

20 believe that the funds on deposit in Bank of America Account

21 #09672 67676, held in the name of Yubran Mesle up to the amount

22 of $240,000, is property traceable to one of the monetary

23 instruments involved in the November 8, 2007  violation of 31

24 U.S.C. §§ 5316 and 5324 is forfeitable pursuant to 31 U.S.C §

25 5317 (c) (2).

32. Based on the foregoing there is also probable cause to believe that the funds on deposit in Wells Fargo Bank account #3572585739, held in the name of Yubran S. Mesle up to the amount of $5000 is property traceable to one of the monetary instruments involved in the November 8, 2007 violation of 31 U.S.C. §§ 5316 and 5324 and is forfeitable pursuant to 31 U.S.C. §5317(c).

33.   Therefore, the affiant requests seizure warrants for the funds on deposit, up to $240,000.00, at Bank of America, account 09672 67676, and the funds on deposit, up to $5,000.00, at Wells Fargo Bank, account 3572585739.

_Lisa M. Tracy_

Lisa M. Tracy,
Senior Special Agent,
U.S. Immigration and Customs
Enforcement

Subscribed and sworn before me this 21st day of February, 2008.

United States Magistrate Judge
Southern District of California

11

# EXHIBIT "I"

1  RICHARD M. BARNETT
   A Professional Law Corporation
2  California Bar Number 65132
   105 West F Street, 4th Floor
3  San Diego, CA 92101
   Telephone: (619) 231-1182
4  Email: rmb-atty@pacbell.net

5  Attorney for Claimant Yubran Mesle

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          )   Case No. 08-CV-0394-WQH(CAB)
                                        )
11          Plaintiff,                  )   DECLARATION OF YUBRAN MESLE
                                        )   IN SUPPORT OF RESPONSE AND
12      vs.                             )   OPPOSITION TO MOTION FOR
                                        )   JUDGMENT BY DEFAULT AND IN
13  SIGNED PERSONAL CHECK NO. 730       )   SUPPORT OF MOTION TO SET ASIDE
    OF YUBRAN S. MESLE, DRAWN           )   CLERK'S DEFAULT PURSUANT TO
14  FROM BANK OF AMERICA ACCOUNT        )   RULE 55(C) OF THE FEDERAL RULES
    NO. 09672 67676 IN THE              )   OF CIVIL PROCEDURE
15  AMOUNT OF $240,000.00 IN            )
    U.S. CURRENCY;                      )
16                                      )
    SIGNED PERSONAL CHECK NO. 1004      )
17  OF YUBRAN S. MESLE, DRAWN           )
    FROM WELLS FARGO ACCOUNT            )
18  NO. 3572585739 IN THE AMOUNT        )
    OF $5,000.00 IN U.S. CURRENCY       )
19                                      )
    SIGNED PERSONAL CHECK NO. 1040      )
20  OF YUBRAN S. MESLE, DRAWN           )
    FROM BANK OF AMERICA ACCOUNT        )
21  NO. 24547 67190, NO AMOUNT          )
    STATED;                            )
22                                      )
    $197,031.14 IN U.S. CURRENCY        )
23  SEIZED FROM BANK OF AMERICA         )
    ACCOUNT NO. 09672 67676 ON          )
24  FEBRUARY 22, 2008;                  )
                                        )
25  $1,598.21 IN U.S. CURRENCY          )
    SEIZED FROM WELLS FARGO BANK        )
26  ACCOUNT NO. 3572585739 ON           )
    FEBRUARY 22, 2008.                  )
27                                      )
              Defendants.               )
28  _____ )

                              1

1        YUBRAN MELSE, declares as follows:

2      1.    I am the claimant in the above-entitled cause.

3      2.    On November 8, 2007, my brother, Ata Dighlawi, entered the United States at

4 the San Ysidro Port of Entry. In his vehicle were three (3) checks written on bank accounts I

5 maintained here in the United States. The first check was in the amount of $240,000 on Bank of

6 America account number 09672 67676. The check was dated November 28, 2007. At the time

7 the check was seized, this account had approximately $197,031.14 in it. The second check was

8 written was in the amount of $5,000 on Wells Fargo Bank account number 3572585739 and was

9 dated November 10, 2007. At the time this check was seized, the account had approximately

10 $1,598.21 in it. The third check was written on Bank of America account number 24547 67190

11 and was blank in its entirety except for the signature line.

12      3.    On November 9, 2007, I learned from my brother the checks had been seized at

13 the San Ysidro Port of Entry. I learned the following Monday the funds in my accounts had

14 been frozen.

15      4.    On or about November 13, 2007, I contacted a United States Customs agent I

16 knew, Chris Cummings. I informed him of the situation, and he told me he would look into the

17 matter. He explained that he would contact the United States Customs agent handling the

18 investigation and help get the situation taken care of.

19      5.    On or about November 14 or 15, 2007, I spoke with United States Customs agent

20 Glenn McDonald, the agent assigned to the investigation. I explained to him the funds in Bank

21 of America account number 09672 67676 had just been wired into my account November 7,

22 2007, and provided a copy of the promissory note showing the source of the funds

23 demonstrating they came from a legitimate source. (A copy of that promissory note is attached

24 hereof as Exhibit "A"). He told me U.S. Customs would send me petition paperwork, for me to

25 fill the paperwork out, and he thought the matter would be resolved.

26      6.    On or about November 15, 2007 I received a Notice of Seizure from United

27 States Customs and Border Protection (See Exhibit "B" attached hereto). That notice advised

28 me of the seizure of "3 bearer negotiable personal checks (Bank of America checks #1040 and

1    730 and Wells Fargo Check #1004)." The notice explained that among various options other

2    than "abandoning" the property I could petition Customs explaining why I was entitled to relief

3    from forfeiture and/or elect to file a Claim and have the matter proceed to court.

4           Not being clear on exactly what papers were required to be returned among those sent to

5    me by U.S. Customs, I filed the Petition, the Claim, and the currency transaction report that had

6    been enclosed in the information packet. (See Exhibits "C", "D", and "E"). I also signed an

7    Election of Proceedings form which had been sent in the package. I checked the last box on the

8    form because the form said I could only check one box and I didn't know what to do since I was

9    filing both a Petition and a Claim.  (See Exhibit "F").

10          I forwarded all of the above-referenced documentation to United States Customs on

11   December 6, 2007, or within approximately 21 days of my receipt of the Notice of Seizure from

12   United States Customs. I was told by a number of people that the petition process could take up

13   to one year to conclude.

14          7.    About one month after the seizure, I again spoke to United States Customs agent

15   Chris Cummings about the situation. He told me he had spoken to agent McDonald and had

16   made a recommendation on my behalf and that he would continue to speak to agent McDonald

17   and try to help.

18          8.    In late February, 2007, I learned $197,031.14 had been seized from my Bank of

19   America account and $1,598.21 from my Wells Fargo Bank account. At no time have I ever

20   received any notices of seizures from the government regarding these seizures. Had I received

21   notices of seizures, I would have filed petitions for remission and/or mitigation of forfeiture in

22   those matters just as I had earlier per the advice of agent McDonald.

23          9.    In March of 2008, I received the Complaint for Forfeiture in this matter. Because

24   I was told that the decision on my petition would take up to a year, I didn't understand that any

25   further action was required on my part insofar as responding to the forfeiture complaint. The

26   first I realized there was a problem was when I received the Motion for Judgment by Default. I

27   immediately contacted my present counsel and engaged him to represent me in this matter.

28          10.   It has always been my intention to pursue this case. I simply didn't understand

3

1    any further action was required on my part after I had filed my petition for remission/mitigation

2    of forfeiture as well as the additional paperwork, and I was simply waiting for a ruling on what I

3    had submitted.

4        I declare under penalty of perjury the foregoing is true to the best of my knowledge and

5    recollection,

6        Executed this 19th day of August, 2008 at Corona, California.

7

8

9                   Yubran Mesle, Declarant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT "A"

Nov 14 07 02:29p    JOE PERSEKIAN                858-513-3736              p.1

$200000                                                            NOV. 7, 2007

## PROMISSORY NOTE
### Balloon Payment

For value received, the undersigned promise(s) to pay to the order of JOE PERSEKIAN (hereinafter "Holder"), in legal tender, the sum of $200000, with interest accruing thereon at the annual rate of 0 percent. This Note commences on NOV. 7, 2007 (hereinafter "Commencement Date"), and all obligations set forth herein are measured from this date. No payments of principal or interest are required to be paid until the due date, which due date is no later thanONE months after the Commencement Date.

In the event legal action is brought to recover on, or to secure payment on, the within Note, or in the event any party hereto, or assignee, files an action to interpret any provisions of this Note, the prevailing party in such action shall be entitled to such legal fees and costs of suit as determined by a court of law of competent jurisdiction to have been reasonably incurred in such action.

All payments and performance of the obligations under this Note shall be made at 15244 ESPOLA RD POWAY CA. 92064.

This Note shall be governed and interpreted under the laws of the State of CA.

Dated: _11 / 7 / 07_

YUBRAN MESLE



STaTe of California
County of los Angeles
on No 7, 2007

LORENA ESCOBAR
Commission # 1457241
Notary Public - California
Los Angeles County
My Comm. Expires Dec 20, 2007

# EXHIBIT "B"



U.S. Customs and
Border Protection
9495 Customhouse Plaza
San Diego, CA 92154

CIVIL ASSET FORFEITURE REFORM ACT
NOTICE OF SEIZURE OF PROPERTY

NOV 1 4 2007

Seizure Case No. 2008 2504 000313
FP&F: sm

Yubran S Mesle
11587 Trailway Drive
Riverside, CA 92505

Dear Sir or Madam:

This is to officially notify you that U.S. Customs and Border Protection/Immigration and Customs Enforcement seized the property described below at San Ysidro, CA on November 9, 2007.

3 bearer negotiable personal checks (Bank of America checks # 1040 and 730, Wells Fargo check #1004), ADV: $245,000.00, SZD: 110907 at San Ysidro, CA

The property was seized and is subject to forfeiture under the provisions of Title 31 United States Code, sections 5316/5317 and 5332, failure to file required currency monetary instruments report / bulk cash smuggling.

The facts available to U.S. Customs and Border Protection indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the legal options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form". You MUST check Box 1 or 3 and return the "Election of Proceedings" form if you wish to contest the forfeiture of the seized property. You may need to complete the "Seized Asset Claim Form", depending on how you complete the "Election of Proceedings" form.

Your legal options are as follows:

1. You may file a petition for relief from the seizure within 30 days from the date of this letter. The provisions of title 19, United States Code, section 1618, and Part 171 of the Customs Regulations (19 CFR Part 171) allow you to do this. The petition need not be in any specific form, but it should include all the facts which you believe warrant relief from forfeiture. All petitions should be filed in duplicate and addressed to U.S. Customs and Border Protection, Attn: Fines, Penalties & Forfeitures, 9495 Customhouse Plaza, San Diego, CA 92154. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

2. You may file an offer in compromise within 30 days from the date of this letter. The provisions of title 19, United States Code, section 1617, allow you to do this. The offer must specifically indicate that you are making it under the provisions of title 19, United States Code, section 1617. If you are offering money in settlement of the case, you must include a cashier's check in the amount of your offer. U.S. Customs and Border Protection may ONLY consider the amount of your offer and will return the full offer if it is rejected. This option may serve to delay the case. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

3. You may submit an offer to pay the full appraised domestic value of the seized property accompanied by that full payment or an irrevocable letter of credit. The provisions of title 19, United States Code, section 1614, and title 19, Code of Federal Regulations, section 162.44, allow you to do this. If U.S. Customs and Border Protection accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition or offer in compromise as described above.

*Vigilance*    ★    *Service*    ★    *Integrity*

CAFRA AF-PUBLISH ·
-2-

4.  You may choose to do nothing.  If you take no action, or if you check Box 2 on the "Election of Proceedings" form, U.S. Customs and Border Protection will seek to forfeit the property.  U.S. Customs and Border Protection will immediately commence administrative forfeiture proceedings under the legal authority of title 19, United States Code (USC), section 1607, and title 19, Code of Federal Regulations (CFR), Part 162.  In order to obtain administrative forfeiture, U.S. Customs and Border Protection must publish a notice of seizure and intent to forfeit in a newspaper of general circulation for three consecutive weeks.  U.S. Customs and Border Protection will commence such publication on or about January 2, 2008 in the San Diego Commerce.  You may request that this office publish the first notice sooner than the date above.

5.  You may abandon the property.  If you choose this option, please check Box 2 and sign and return the "Election of Proceedings" form.

6.  You may choose to file a claim and have that claim referred to the United States Attorney for the commencement of a court forfeiture action.  If you choose this option YOU MUST CHECK BOX 3 ON THE "ELECTION OF PROCEEDINGS" FORM AND YOU MUST FULLY COMPLETE THE ATTACHED "SEIZED ASSET CLAIM FORM."  If you choose to file a claim directly in response to this letter, you must do so within 35 days of the date of this letter.

If you are a holder of a lien or security interest and you do not file a claim, you may avail yourself of any of the other options listed above, but no relief will be granted to you until after forfeiture unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or the person from whom the property was seized.

No matter which box you check on the "Election of Proceedings" form, you must also sign and return the form along with your petition, offer, or claim.

If you have any questions regarding this matter, please contact Fines, Penalties & Forfeitures at (619) 671-8256.

Sincerely,

Lawrence A. Fanning
FP&F Officer

CAFRA

# EXHIBIT "C"

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

Approved Through 06/30/96
OMB No. 1515-0052

## PETITION FOR REMISSION OR MITIGATION OF FORFEITURES AND PENALTIES INCURRED

19 U.S.C. 1618; 19 CFR 171.11

| 1. *San Ysidro Border* | 2. SEIZURE CASE NO. |
| --- | --- |
| DESCRIPTION OF MERCHANDISE | 2008 2504 000313 |

3 Personal Checks, one for $240,000⁻, one for $5,000⁻
and 1 Blank Check.

All 3 Checks were from my Personal Bank Acct.
Carried By my Brother Ata Dighami.

| NAME | 3. ADDRESS |
| --- | --- |
| YUSRAN S. MESLE | 11587 Treelway Drive Riverside, CA. 92505 |

Petition for the release of the seized above-described merchandise and for relief from the liability incurred because of the following mitigating circumstances.

I am petitioning for The release of 2 Bank Accounts
from which 3 checks seized By US. Customers.

① Wells Fargo Bank - Acct. #122000247 - 3572585739
Yusron S. Mesle - Account Holder.

② Bank of America - Acct. #51000655 - 09672 - 67676
Yusron S. Mesle - Account Holder.

My Bank Accounts have Been placed on "frozen" status.
My Brother Ata Dighami did ▬▬▬ he had the checks
in his pant pockets, Bost was not aware that carrying
the Check accross the Border was going to Be a
problem. He actually stated he had them folder with his
Cash. He went to Tijuana, Mexico for a day of shopping.
He does not Know US. Customs currency policey. And
didn't realize the problem this will cause. 1st time this
         ever happened.          See Attached paper

| SIGNATURE | 7. ADDRESS | 8. DATE |
| --- | --- | --- |
| [signature] | 11587 Treelway Dr. Riverside, CA. 92505 | 12/06/07 |

Paperwork Reduction Act Notice: The Paperwork Reduction Act of 1980 says we must tell you why we are collecting this information, how we will use it, and whether you have to give it to us. We ask for this information to carry out the Customs Service laws of the United States. This form is used by those persons who are requesting mitigation of a penalty or remission of a forfeiture which has been incurred under the national laws or a law administered by Customs. Completion of the form will permit the authorized Customs officer to grant mitigation or remission on individual circumstances. Comments concerning the accuracy of this burden estimated average burden associated with the collection of information is 15 minutes per respondent or recordkeeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to U.S. Customs Service, Paperwork Management Branch, Washington DC 20229. DO NOT send completed form(s) to this office.

Customs Form 4609 (120495)

U.S. Government Printing Office: 1996 - 405-483/30053

12/06/07.

Seizure case no -
2008 2504 000313

cont' question #6 -

This was an unintentional mistake on my
Brother Ata Deghlawi's Behalf. I have
attached a Copy of a Promissory Note date
Nov. 7, 2007. From Joe Persekian to me
Yervron S. Mesle. This will help you understand
where the Sume of the check for $240,000-
come from. It was a loan to me. I have to
pay Back.

Thank you -

Yervron S. Mesle
11587 Freeway St.
Riverside, CA 92505
951-371-0700 office

$200000                                                                    NOV. 7,2007

## PROMISSORY NOTE
### Balloon Payment

For value received, the undersigned promise(s) to pay to the order of JOE PERSEKIAN (hereinafter "Holder"), in legal tender, the sum of $200000, with interest accruing thereon at the annual rate of 0 percent. This Note commences on NOV. 7,2007 (hereinafter "Commencement Date"), and all obligations set forth herein are measured from this date. No payments of principal or interest are required to be paid until the due date, which due date is no later thanONE months after the Commencement Date.

In the event legal action is brought to recover on, or to secure payment on, the within Note, or in the event any party hereto, or assignee, files an action to interpret any provisions of this Note, the prevailing party in such action shall be entitled to such legal fees and costs of suit as determined by a court of law of competent jurisdiction to have been reasonably incurred in such action.

All payments and performance of the obligations under this Note shall be made at 15244 ESPOLA RD POWAY CA. 92064.

This Note shall be governed and interpreted under the laws of the State of CA.

Dated: 11/7/07

YUBRAN MESLE

STaTe of California
CoUNTy of Los Angeles
on No 7, 2007



LORENA ESCOBAR
Commission # 1457241
Notary Public - California
Los Angeles County
My Comm. Expires Dec 20, 2007

# EXHIBIT "D"

U.S. CUSTOMS AND BORDER PROTECTION
SEIZED ASSET CLAIM FORM
*This form should be used only if you want your case referred to the United States
Attorney to initiate forfeiture proceedings in Federal Court.*

Name: Uuffron S. Nesle     Seizure No. 2008 2504 000313
Address: 71587 Trailway Dr.
Riverside, CA 92505     (IMPORTANT: BE SURE TO
Telephone No: (714) 333-5907     COMPLETE ALL PARTS BELOW)
951-371-0700 Office

As authorized by 18 USC 983(a)(2)(A), I request that the Government file a complaint
for forfeiture on the seized property described below:

PART I

List all the items in which you claim an interest. Include sufficient information to identify
the items, such as serial numbers, make and model numbers, aircraft tail numbers,
photographs, and so forth. Attach additional sheets of paper if more space is needed.

3 Personal Checks - 2 Different Banks.
① Bank of America - Check #1040 - Acct #510000655-09672-67676
Amt - Blank Check $0.
② Bank of America - Check #730 - Acct #510000655-09672-67676
Amt. $240,000 - dollars
③ Wells Fargo Bank - Check #1004 - Acct #122000247-3572585789
PART II $5000.00 dollars.

State your interest in each item of property listed above. Attach additional sheets of
paper if more space is needed.

My interest in these checks are Because they Belong to
Me. They are not the property of my Brother Ata Deghloni.
It has cause my Bank accounts to be "frozen". I need
them unseized and checks returned. It is affecting
my livelihood and ability to survive.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of
my claim is true and correct to the best of my knowledge and belief.

Uuffron S. Nesle          12/06/07
Name (Print)              Date

[signature]
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION
UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO
FIVE YEARS IMPRISONMENT.*

# EXHIBIT "E"

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

Form Approved
OMB No. 1515-0079

**REPORT OF INTERNATIONAL TRANSPORTATION OF CURRENCY OR MONETARY INSTRUMENTS**

► This form is to be filed with the United States Customs Service

► For Paperwork Reduction Act Notice and Privacy Act Notice, see back of form.

(U.S. Customs Use Only)

Control No.

31 U.S.C. 5316; 31 CFR 103.23 and 103.25
► Please type or print.

**Part I  FOR INDIVIDUAL DEPARTING FROM OR ENTERING THE UNITED STATES**

1. NAME (Last or family, first, and middle)
Mesle, Jurson S.

2. IDENTIFYING NO. (See Instructions)
CDL # D4073743

3. DATE OF BIRTH (Mo./Day/Yr.)
10 / 03 / 70

4. PERMANENT ADDRESS IN UNITED STATES OR ABROAD
11587 Treadway Dr. Riverside, CA 92505

5. OF WHAT COUNTRY ARE YOU A CITIZEN/SUBJECT?
U.S.

6. ADDRESS WHILE IN THE UNITED STATES
Same as above

7. PASSPORT NO. & COUNTRY
N/A

8. U.S. VISA DATE
N/A

9. PLACE UNITED STATES VISA WAS ISSUED
N/A

10. IMMIGRATION ALIEN NO. (if any)
N/A

11. CURRENCY OR MONETARY INSTRUMENT WAS: (Complete 11A or 11B)

| A. EXPORTED | | B. IMPORTED | |
|---|---|---|---|
| Departed From: (City in U.S.) | Arrived At: (Foreign City/Country) | From: (Foreign City/Country) | At: (City in U.S.) |

**Part II  FOR PERSON SHIPPING, MAILING, OR RECEIVING CURRENCY OR MONETARY INSTRUMENTS**

12. NAME (Last or family, first, and middle)

13. IDENTIFYING NO. (See Instructions)

14. DATE OF BIRTH (Mo./Day/Yr.)

15. PERMANENT ADDRESS IN UNITED STATES OR ABROAD

16. OF WHAT COUNTRY ARE YOU A CITIZEN/SUBJECT?

17. ADDRESS WHILE IN THE UNITED STATES

18. PASSPORT NO. & COUNTRY

19. U.S. VISA DATE

20. PLACE UNITED STATES VISA WAS ISSUED

21. IMMIGRATION ALIEN NO. (if any)

22. CURRENCY OR MONETARY INSTRUMENTS DATE SHIPPED / DATE RECEIVED

23. CURRENCY OR MONETARY INSTRUMENTS ☐ Shipped To ► ☐ Received From ►

NAME AND ADDRESS

24. IF THE CURRENCY OR MONETARY INSTRUMENT WAS MAILED, SHIPPED, OR TRANSPORTED COMPLETE BLOCKS A AND B.
A. Method of Shipment (Auto, U.S. Mail, Public Carrier, etc.)
B. Name of Transporter/Carrier

**Part III  CURRENCY AND MONETARY INSTRUMENT INFORMATION (SEE INSTRUCTIONS ON REVERSE)(To be completed by everyone)**

25. TYPE AND AMOUNT OF CURRENCY/MONETARY INSTRUMENTS

| | | Value in U.S. Dollars |
|---|---|---|
| Coins ☐ A. ► | $ | |
| Currency ☐ B. ► | | |
| Other Instruments (Specify Type) 3 Personal Checks ☒ C. ► | 245,000 | |
| (Add lines A, B and C) TOTAL AMOUNT ► | $ | |

26. IF OTHER THAN U.S. CURRENCY IS INVOLVED, PLEASE COMPLETE BLOCKS A AND B. (SEE SPECIAL INSTRUCTIONS)
A. Currency Name
B. Country

**Part IV  GENERAL - TO BE COMPLETED BY ALL TRAVELERS, SHIPPERS, AND RECIPIENTS**

27. WERE YOU ACTING AS AN AGENT, ATTORNEY OR IN CAPACITY FOR ANYONE IN THIS CURRENCY OR MONETARY INSTRUMENT ACTIVITY? (if "Yes" complete A, B and C)  ☐ Yes  ☐ No

PERSON IN WHOSE BEHALF YOU ARE ACTING ►

A. Name
B. Address
C. Business activity, occupation, or profession

Under penalties of perjury, I declare that I have examined this report, and to the best of my knowledge and belief it is true, correct and complete.

28. NAME AND TITLE

29. SIGNATURE
Jurson S. Mesle

30. DATE
12/06/07

(Replaces IRS Form 4790 which is obsolete.)

**Customs Form 4790 (031695)**

# EXHIBIT "F"

ELECTION OF PROCEEDINGS
CAFRA FORM AF-PUBLISH

**NOTE: THIS FORM MUST BE COMPLETED AND RETURNED WITH YOUR PETITION OR OFFER. IF YOU DO NOT COMPLETE AND RETURN THIS FORM, U.S. CUSTOMS AND BORDER PROTECTION SHALL PROCEED TO FORFEIT THE PROPERTY ADMINISTRATIVELY, REGARDLESS OF WHETHER YOU FILE A PETITION OR OFFER.**

TO: FINES, PENALTIES AND FORFEITURES OFFICER:

I understand that property in which I have an interest has been seized by U.S. Customs and Border Protection/Immigration and Customs Enforcement under Case No. <u>2008 2504 000313</u>.

Check ONLY ONE (1) of the following choices:

1. [ ] I **REQUEST THAT U.S. CUSTOMS AND BORDER PROTECTION DELAY FORFEITURE PROCEEDINGS AND CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY.** My petition or offer is attached. By making this request, I understand that I am giving up my right for the immediate commencement of administrative forfeiture proceedings, as provided under title 19, United States Code (USC), section 1607 and title 19, Code of Federal Regulations (CFR), Part 162. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that *at any time* I can request, in writing, that U.S. Customs and Border Protection begin administrative forfeiture proceedings and U.S. Customs and Border Protection will continue to consider my petition or offer. I also understand that *at any time* I can file a claim with U.S. Customs and Border Protection (as described in Box 3 below) and U.S. Customs and Border Protection consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action.

2. [ ] I **ABANDON THE PROPERTY AND I REQUEST THAT U.S. CUSTOMS AND BORDER PROTECTION BEGIN ADMINISTRATIVE PROCEEDINGS TO FORFEIT THE PROPERTY.** Please immediately begin publication of the notice of seizure and intent to forfeit. I abandon any claim or interest in the property.

3. [X] I **REQUEST THAT U.S. CUSTOMS AND BORDER PROTECTION SEND MY CASE FOR COURT ACTION.** Please immediately send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM as required by law. I understand that if I have not fully completed this form, U.S. Customs and Border Protection will treat my submission as a petition for relief under Box 1 described above.

_____        _____
Signature                                                      Date   12/6/07

Yupram S. Meede
Printed Name

CAFRA

# EXHIBIT "J"

1 | RICHARD M. BARNETT
A Professional Law Corporation
2 | California Bar Number 65132
105 West F Street, 4th Floor
3 | San Diego, CA 92101
Telephone: (619) 231-1182
4 | Email: rmb-atty@pacbell.net

5 | Attorney for Claimant Yubran Mesle

6

7

8 |                    IN THE UNITED STATES DISTRICT COURT

9 |                    SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,           )    Case No. 08-CV-0394-WQH(CAB)
                                        )
11 |            Plaintiff,               )    DECLARATION OF RICHARD M.
                                        )    BARNETT IN SUPPORT OF
12 |      vs.                            )    RESPONSE AND OPPOSITION TO
                                        )    MOTION FOR JUDGEMENT BY
13 | SIGNED PERSONAL CHECK NO. 730      )    DEFAULT AND MOTION TO SET
     OF YUBRAN S. MESLE, DRAWN          )    ASIDE CLERK'S DEFAULT PURSUANT
14 | FROM BANK OF AMERICA ACCOUNT       )    TO RULE 55(C) OF THE FEDERAL
     NO. 09672 67676 IN THE             )    RULES OF CIVIL PROCEDURE
15 | AMOUNT OF $240,000.00 IN           )
     U.S. CURRENCY;                     )
16 |                                     )
     SIGNED PERSONAL CHECK NO. 1004     )
17 | OF YUBRAN S. MESLE, DRAWN          )
     FROM WELLS FARGO ACCOUNT          )
18 | NO. 3572585739 IN THE AMOUNT       )
     OF $5,000.00 IN U.S. CURRENCY      )
19 |                                     )
     SIGNED PERSONAL CHECK NO. 1040     )
20 | OF YUBRAN S. MESLE, DRAWN          )
     FROM BANK OF AMERICA ACCOUNT       )
21 | NO. 24547 67190, NO AMOUNT         )
     STATED;                            )
22 |                                     )
     $197,031.14 IN U.S. CURRENCY        )
23 | SEIZED FROM BANK OF AMERICA        )
     ACCOUNT NO. 09672 67676 ON         )
24 | FEBRUARY 22, 2008;                 )
                                        )
25 | $1,598.21 IN U.S. CURRENCY         )
     SEIZED FROM WELLS FARGO BANK       )
26 | ACCOUNT NO. 3572585739 ON          )
     FEBRUARY 22, 2008.                 )
27 |                                     )
                 Defendants.            )
28 | _____)

                                        1

1                I, Richard M. Barnett, declares as follows:

2          1.      I am the attorney for the claimant, Yubran Mesle in the above-referenced matter.

3     <u>Facts Related to Petitions for Remission/Mitigation of Forfeiture</u>

4          2.      I have been practicing law for over 30 years. For at least the last 20 years, I have

5     primarily focused on the defense of federal asset forfeiture cases. During the course of my

6     representation of literally hundreds of clients during that time period, I've handled numerous

7     cases involving the failure to report monetary instruments over $10,000 transported into or out

8     of the United States in violation of Title 31, United States Code, Section 5316.  It has been my

9     experience, as well as common knowledge among attorneys practicing in this area, that the

10    United States Customs Service has taken a very favorable view in ruling on petitions for

11    remission/mitigation of forfeiture in Section 5316 cases. As a result, the attorneys handling

12    these matters almost always first submit petitions for the remission and/or mitigation of

13    forfeiture rather than requesting the institution of judicial forfeiture proceedings as they often

14    achieve a better result.

15           I have examined all of my recent cases within the last two (2) years involving individuals

16    who failed to file the necessary paperwork in bringing currency either into or out of the country

17    and thus violating Title 31, United States Code, Section 5316.

18         3.      In seizure number 2006 2720 000249, $18,400 in U.S. currency was seized from

19    my client. Following the submission of a petition for remission and/or mitigation of forfeiture,

20    all but $1,000 was returned to the client. In seizure number 2006 2501 000276, $16,977 in U.S.

21    currency and $784 in Mexican Pesos were seized. Following the submission of the petition for

22    remission/mitigation of forfeiture all but $1,000 was returned to the claimant. Finally, in seizure

23    number 2007 2501 00099, 81 endorsed checks and 79 money orders totaling $72,107.67 were

24    seized.  All but $1,600 was returned to the claimant.

25         4.      In this case, had the government complied with Title 19, United States Code,

26    Section 1607 and forwarded notices of seizure for the funds seized from Mr. Mesle's Bank of

27    America and Wells Fargo bank accounts in February, 2008, in declarant's opinion, it is likely he

28    would have received similar treatment in consideration of a petition for remission and/or

1  mitigation of forfeiture. However, by failing to send the statutorily required notices of seizure,

2  he was precluded from even seeking this relief from United States Customs as he had already

3  done in the case of the seized checks.

4  <u>The Nature of the Checks Themselves</u>

5      5.    The Complaint for Forfeiture recites that "the Government is seeking forfeiture

6  of a check drawn on Bank of America account number 09672 67676 in the amount of

7  $240,000". On the date that check was seized, there was $197,031.14 in that account. On

8  August 18, 2008, declarant spoke with the operations manager of the Bank of America branch

9  where account number 09672 67676 is maintained. Declarant was advised that had a check

10  been submitted for payment in an amount greater than the amount of funds in the account, it

11  would have been considered a non-negotiable instrument based on non-sufficient funds.

12      The Complaint for Forfeiture additionally seeks the forfeiture of a check in the amount

13  of $5,000 written on Wells Fargo Bank account number 3572585739. On the date of seizure

14  there was $1,598.21 in the account. On August 18, 2008, declarant spoke with the operations

15  manager of the Wells Fargo Bank branch account number 3572585739 was maintained.

16  Declarant was advised by the operations manager that had a check been submitted for payment

17  in an amount greater than the amount of funds in the account, they would consider the check to

18  have been "non-negotiable based on non-sufficient funds".

19      I declare under penalty of perjury the foregoing is true and correct,

20      Executed this 19th day of August, 2008 at San Diego, California.

22      Richard M. Barnett, Declarant

3